# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

**United States of America**

    v.                                                                                    Case No. 23-cr-00112-PB-AJ-1

                                                                                    Opinion No. 2025 DNH 034

**Charles Glenn**

## MEMORANDUM AND ORDER

Charles Glenn was charged by superseding indictment with one count of transmitting a threatening interstate communication in violation of 18 U.S.C. § 875(c) and one count of mailing a threatening communication in violation of 18 U.S.C. § 876(c). Doc. 17. During the pendency of his ongoing federal criminal case, Glenn has remained in the custody of the New Hampshire State Department of Corrections (NHDOC). He is currently incarcerated at the New Hampshire State Prison, serving a sentence of thirty years to life on a state-law conviction. Doc. 21-1 at 1. In response to ongoing limitations placed on his ability to review evidence while in state custody, Glenn filed a motion seeking access to a computer to review recorded phone calls outside of the presence of counsel. See Doc. 44. I deny the motion in light of the considerations outlined below.

## I. BACKGROUND

Glenn faces two felony counts of making interstate threats against his former attorney. Count I charges Glenn with using a NHDOC phone to call his then-attorney in Massachusetts and threaten the life of one her children. Doc. 17. The NHDOC system recorded the phone call underlying Count I and many others between Glenn and the alleged victim.

Glenn's prior counsel in the present case, Attorney Benjamin Falkner, obtained several hours of recorded phone calls between Glenn and the alleged victim from Glenn's former attorney in separate legal proceedings. The calls at issue are not part of the record in the present matter. Glenn has been able to listen to the recorded phone calls in the presence of his current counsel. NHDOC, though, did not permit Glenn to have his case-related notes when reviewing the calls. Nor has the prison permitted Glenn access to a computer so that he can review the calls without his attorney present.

## II. LEGAL STANDARD

An inmate has a constitutional right of access to the courts inherent in due process. See Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000). To ensure that an inmate has that access, correctional facilities cannot "actively interfer[e] with inmates' attempts to prepare documents[] or file them" as part and parcel to his litigation. Lewis v. Casey, 518 U.S. 343, 350 (1996) (internal citations omitted). As a starting point, however, an inmate

2

challenging a prison's policy or practice that places conditional restrictions on his access to legal material must show "actual injury" to be entitled to relief. Sowell v. Vose, 941 F.2d 32, 35 (1st Cir. 1991). To make this showing, the inmate must establish "actual prejudice with respect to the contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis, 518 U.S. at 348.

Even when an inmate can show that his constitutional right to access is implicated by a prison practice or regulation, the restriction at issue "is [still] valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). This deferential standard is necessary to ensure that prisons and their officials can make day-to-day judgments and "adopt innovative solutions to the intractable problems of prison administration" Id.

### III.  ANALYSIS

Glenn has asked that I order the New Hampshire State Prison to provide him access without counsel being present to a computer and to the recorded phone calls that were obtained by his former counsel. To do so, I would have to make two findings. First, I must conclude that Glenn would suffer actual injury from lack of access to the recordings. If I find that he would, I must further conclude that the prison's denial of his request for unfettered access to all the calls has no reasonable relation to a penological

3

interest. Because I can do neither, I deny the motion for access to the phone calls.

I address first the question of the prison's penological interest and its reasonable relationship to the policy at issue. The recorded phone calls at issue here present a challenge to NHDOC's ability to administer and ensure the security of its facility. The government has indicated in its filings that NHDOC opposes allowing Glenn access to a computer and the recordings outside the presence of counsel because doing so would compromise the security of the facility. See Doc. 46 at 2 (describing NHDOC's view that Glenn's requests are "untenable and contrary to prison regulations and policy").

Notably, the calls at issue in this motion are not part of the discovery record in this case. Glenn obtained the calls through separate proceedings and continues to assert attorney-client privilege over the contents of all the calls. Glenn seeks access to the calls without allowing NHDOC to review their contents or otherwise ensure that they do not pose a risk to the facility, its staff, or other prisoners.

More fundamentally, Glenn has not shown that he needs access to the recorded calls to prepare his defense. At best, Glenn has suggested two possible reasons why he needs the access requested.

4

First, Glenn suggests that the content of these phone calls undermines the government's claim that Glenn made true threats in violation of federal law. Glenn has hinted that these calls contain evidence supporting his contention that the alleged victim either invited the would-be threat or otherwise understood the threat was not a true threat. But he has failed to identify any call that could support his argument. Glenn himself was party to all the calls and is familiar with what was said. In addition, Glenn and his counsel have listened to the calls. His counsel spent several hours listening to and reviewing the calls with Glenn. Together they should have, at the very least, been able to identify specific calls to which Glenn might need further access. Nothing in the record suggests that unsupervised access to hours of recordings is constitutionally, or otherwise, required.

Second, Glenn has represented to the Court that the calls contain evidence that will support his motion to suppress, Doc. 21. According to Glenn, the myriad recorded phone calls support a potential claim that he was operating under a mistaken belief that all communications between him and his attorney were privileged and not recorded by the NHDOC. Glenn does not explain, though, why his subjective belief about whether calls were recorded is relevant in light of the fact that the call giving rise to Count I featured an explicit notification that the communication would be recorded. See Doc. 28-1 at 2 (including the transcript of the alleged threat call with the prerecorded

5

notice that the "call is from a corrections facility and is subject to monitoring and recording" and clarifying that a prisoner making an outgoing call can also hear the notice at the beginning). Glenn has made no legal argument that his subjective understanding determines the scope of the attorney-client privilege in this situation. And even if he had suggested as much, nothing in the record explains why Glenn would need unfettered access to the all the calls in order to advance his suppression argument. As noted above, Glenn was party to all the calls and has had a chance to review them all with his current counsel. There is no reason why he could not identify specific calls or otherwise narrow his request.

## IV. <u>CONCLUSION</u>

For the reasons explained above, I deny the motion for access to the recorded phone calls and computer outside of the presence of counsel. See Doc. 44.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

March 12, 2025

cc:  Counsel of Record
     U.S. Probation
     U.S. Marshal