UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA )
v. )
CHARLES GLENN )
Defendant )
No. 1:23-cr-00112-PB-AJ

## OPPOSITION TO MOTION TO WITHDRAW GUILTY PLEA

Defendant Charles Glenn has filed a "Motion to Withdraw Plea." ECF No. 176. Because the defendant has already been sentenced, his motion is untimely and should be denied. Even if the Court were to construe the "Motion to Withdraw Plea" as a motion to set aside, vacate or correct Glenn's sentence under 28 U.S.C. § 2255, it should deny the motion as procedurally defaulted and meritless.

## BACKGROUND

On August 21, 2024, Charles Glenn was charged by superseding indictment with one count of transmitting a threatening interstate communication and one count of mailing a threatening communication. ECF No. 17. He was accused of threatening to have a victim's child killed. *Id.*

After a number of continuances, a jury trial was scheduled for September 16, 2025. ECF No. 99. On September 2, 2025, the defendant filed a motion for a competency hearing. *See* ECF No. 105. In response, the government moved for an order committing the defendant to the custody of the Attorney General for a competency evaluation pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). On December 4, 2025, a

forensic psychologist with the Federal Bureau of Prisons submitted an evaluation report opining that the defendant was competent.

On December 19, 2025, the Court held a competency hearing. At the outset of the hearing, defense counsel highlighted that "the defense is not taking the position that Mr. Glenn is incompetent." ECF No. 168 at 42:8-9. The Court then inquired, "Do you argue that Mr. Glenn is incompetent?" Defense counsel responded, "I do not, your Honor." *Id.* at 42:13 -15. After further discussion, the court boiled the defendant's position down as follows: "bottom line is the defendant's not arguing that he's incompetent and he . . . acknowledges that his own expert's report doesn't support a finding of incompetency." *Id.* at 58:21 - 24. The Court, after considering psychological evaluations submitted by the defendant and the government—neither of which opined that the defendant was incompetent—found the defendant competent. *Id.* at 70:23 – 71:2.

On February 9, 2026, the parties entered a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C). ECF No. 156. On February 10, 2026, the Court conducted a change-of-plea hearing pursuant to Fed. R. Crim. P. 11. ECF No. 169. The Court engaged in a colloquy with the defendant that included questions to evaluate his competency. The defendant advised that he had a GED and some college, that he could read and had read the indictment and the plea agreement, that he had an opportunity to discuss both with his attorney, and that he understood both documents. ECF No. 169 at 4:7 – 5:18. The Court advised, "I know you have some mental health problems. I'm very familiar with the competency evaluations that have been performed in this case, and I will take into account the information I know from those competency evaluations in evaluating your ability to plead guilty." *Id.* at 5:20-25. The Court asked about the defendant's medications and the defendant confirmed that his medications were prescribed, he was

taking them as prescribed, and they did not negatively impact his ability to think in any way. *Id.* at 6:1 - 7:7

During the hearing, the Court inquired of defense counsel's views on the defendant's competency:

> THE COURT: I also – there have been issues raised about Mr. Glenn's competency at various times. You have had extensive and close prolonged interactions with Mr. Glenn. And there are in the competency documents references to the fact that Mr. Glenn has various mental health problems, and some of those mental health problems revolve around his interactions with his lawyers.
>
> And I need to know from you, do you know of any reason why I should be concerned about Mr. Glenn's competency and his ability to evaluate his plea agreement and enter a knowing, voluntary and intelligent guilty plea?
>
> DEFENSE COUNSEL: I do not, your honor.

*Id.* at 29: 10-21. The Court concluded that the defendant was competent and accepted his plea of guilty.

On February 10, 2026, following the Court's acceptance of the guilty plea, the parties waived the preparation of a presentence investigation report and the Court proceeded to sentencing. The defendant was sentenced to a term of imprisonment of one year and one day, to run concurrent with any state sentence already imposed.[1] ECF No. 165.

The defendant did not appeal his conviction or sentence.

---

[1] At the time of sentencing, the defendant was serving a 30-year state sentence for second-degree murder.

**DISCUSSION**

"After the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim.P. 11(e). Where, as here, a defendant files a motion to withdraw a guilty plea after being sentenced, the district court lacks jurisdiction to entertain it. *United States v. Martinez-Hernandez*, 818 F.3d 39, 47 (1st Cir. 2016). Thus, the Court should deny defendant's motion. *See id.*; *United States v. Elkins*, WL 3788612, at *4 (W.D. Va. July 19, 2013).

Even if the Court were to construe the motion as a petition under 28 U.S.C. § 2255, it should still deny defendant's request. Habeas relief "is an extraordinary remedy and will not be allowed to do service for an appeal." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal citation omitted). The principles of finality, federalism, and comity inform the scope of habeas review. *Sanna v. Dipaolo*, 265 F.3d 1, 7 (1st Cir.2001) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633–35 (1993)). Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). This standard applies where, as here, the defendant fails to appeal the voluntary and intelligent nature of his plea. *United States v. Marandola*, 372 F. Supp. 3d 7, 14 (D.R.I. 2019). Thus, absent a showing of cause for failure and prejudice or actual innocence—none of which the defendant asserts—his motion is procedurally defaulted. *See Kifwa v. United States*, 2018 WL 1733979, at *8 (D. Me. Apr. 10, 2018), *aff'd*, 2018 WL 2123615 (D. Me. May 8, 2018) ("The claim is procedurally defaulted to the extent Petitioner alleges he was not mentally competent to be sentenced, because Petitioner failed to raise

the issue on appeal.”); *Coello-Vasquez v. United States*, 2007 WL 951384, at *6 (D. Me. Mar. 27, 2007), *aff'd*, 2007 WL 1170759 (D. Me. Apr. 18, 2007) (“there is no reason on this record to excuse Coello Vasquez's procedural default . . . or to revisit this Court's determination that he was indeed competent to enter a valid guilty plea.”).

The defendant’s claim also fails on the merits. The record establishes that the Court took great care to evaluate the defendant’s competency during a competency hearing and Rule 11 proceeding and had every reason to find the defendant competent. First, neither the defendant’s counsel nor his expert ever asserted that the defendant was incompetent. Indeed, even during the competency hearing, the defendant, through counsel, made clear that “the defense is not taking the position that Mr. Glenn is incompetent.” ECF No. 168 42:8-9. Second, a court ordered forensic evaluation recommended that the Court find the defendant competent. Third, during the Rule 11 colloquy, the defendant responded appropriately to the Court’s questions and did not give any answers, or behave in any manner, that would suggest he was incompetent. Finally, when asked during the Rule 11 proceeding if he had any concerns about the defendant’s competence to plead guilty, defense counsel stated that he had none. The Court, based on its extensive dealings with the defendant in court, its review of psychiatric reports submitted by the parties, and the representations of the defendant and his attorney during the Rule 11 proceedings, found that the defendant was competent to plead guilty and accepted the defendant’s plea of guilty.

On this record, any motion to vacate, set aside, or correct Glenn’s sentence because he was not competent to plead guilty should fail.

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant’s motion.

Dated: September 18, 2026

Respectfully submitted,

ANDREW B. BENSON
United States Attorney
District of Maine

By: */s/ Sean M. Green*
Sean M. Green
Special Attorney to the United States Attorney General
Acting Under Authority Conferred by 28 U.S.C. § 515

United States Attorney's Office
100 Middle Street, East Tower, 6th Floor
Portland, ME 04101
Sean.Green2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2026, I filed the foregoing by ECF, thereby causing it to be served on counsel of record for defendant. I have also caused a copy to be delivered by U.S. Mail to:

Smart Communications/PADOC
SCI-Albion
Charles Glenn, QR7932
P.O. Box 33028
St. Petersburg, FL 33723

By: */s/Sean M. Green*
Sean M. Green